# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND; and PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502,<br><br>        Plaintiffs,<br><br>vs.<br><br>A-TECH MECHANICAL, LLC, a Kentucky Limited Liability Company,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Case No. 3:22-CV-577-DJH<br>)<br>) (Electronically Filed)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs, PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND, *et al.*, by and through their counsel, Dennis Johnson of Johnson & Krol, LLC, complaining of Defendant A-TECH MECHANICAL, LLC, and allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under Section 301 of the Labor-Management Relations Act ("LMRA"), 1947, as amended, 29 U.S.C. § 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND ("PENSION FUND") is administered at 1313 Berry Boulevard, Louisville, Kentucky 40215, and

pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Kentucky, Louisville Division.

## PARTIES

4. The PENSION FUND receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502 ("LOCAL 502") and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

5. LOCAL 502 is the bargaining representative of A-TECH MECHANICAL, LLC's ("A-TECH MECHANICAL") bargaining-unit employees and, therefore, is a labor organization under 29 U.S.C. § 152. Pursuant to § 301 of the LMRA, 29 U.S.C. § 185, LOCAL 502 is authorized to bring an action against A-TECH MECHANICAL on behalf of its union members for violations of the collective bargaining agreement ("CBA").

6. Defendant A-TECH MECHANICAL is a Kentucky limited liability company with its principal place of business located at 5598 Poplar Level Road, Louisville, Kentucky 40228.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT
### (BENEFIT CONTRIBUTIONS AND UNION DUES)

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. A-TECH MECHANICAL is an employer engaged in an industry affecting commerce that agreed to be bound by CBAs between LOCAL 502 and the Mechanical Contractors Association of Kentucky ("MCAKY"). (A copy of the CBA effective August 1, 2012 through July 31, 2017 is attached hereto as **Exhibit 1;** A copy of the CBA effective August

1, 2017 through July 31, 2022 is attached hereto as **Exhibit 2**).

9. The benefit rates payable to the PENSION FUND for work performed within LOCAL 502's trade and territorial jurisdiction are established by LOCAL 502 and the MCAKY pursuant to the CBAs. (**Exhibit 1**; **Exhibit 2**).

10. Through the CBAs, A-TECH MECHANICAL became bound to the Agreements and Declarations of Trust that created and govern the PENSION FUND (hereinafter referred to as the "Trust Agreement"). (A copy of the Pension Fund's Trust Agreement is attached as **Exhibit 3**).

11. A-TECH MECHANICAL is required to deduct dues and other check-off deductions ("union dues") from its covered employees' paychecks and remit the union dues to Local 502 on a monthly basis.

12. Pursuant to the power granted to them through the Trust Agreement, the Trustees of the PENSION FUND adopted the Collection Policy/Audit Procedures. (A copy of the Collection Policy/Audit Procedures is attached as **Exhibit 4**).

13. Pursuant to Section 502(g)(2) of ERISA, the CBAs, the Trust Agreement and the Collection Policy/Audit Procedures, employers that fail to pay contributions to the PENSION FUND and union dues to LOCAL 502 by the twenty-first (21st) day of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions. (**Exhibit 4**).

14. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreement and the Collection Policy/Audit Procedures, employers that fail to submit their monthly contribution reports and contributions to the PENSION FUND and union dues to LOCAL 502 by the tenth

(10th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, interest at the rate of one percent (1%) per month from the original due date is charged until the contributions are paid in full. (**Exhibit 4**).

15. Pursuant to the Article VIII, Section 1 of the PENSION FUND's Trust Agreement:

    > Each Employer will promptly furnish to the Trustees, upon request, any and all records of his employees . . . and any other payroll records or financial information that the Trustees may require in order to determine the accuracy of the Employer's remittance of Employer Contributions.

    (**Exhibit 3**).

16. Section III.5 of the Collection Policy/Audit Procedures states as follows:

    > In the event a payroll compliance audit discloses a contribution deficiency that exceeds 3% of the Employer Contributions required for that period, or in the auditor's opinion, the deficiency was caused by anything other than an inadvertent clerical error, the Employer shall be held responsible for the costs of the payroll compliance audit, including all liquidated damages and interest charges, unless otherwise waived by the Board of Trustees, or a duly appointed Collections Subcommittee.

    (**Exhibit 4**).

17. Pursuant to the CBAs and Trust Agreement, the PENSION FUND's payroll compliance auditor conducted an audit of A-TECH MECHANICAL's books and records for the period of January 1, 2017 through December 31, 2018 (the "Audit").

18. The Audit revealed that A-TECH MECHANICAL failed to pay the PENSION FUND the aggregate amount of $4,797.13, itemized as follows:

| PENSION FUND | |
|---|---:|
| **Type:** | **Amount:** |
| Contributions | $426.25 |
| Liquidated Damages | $42.63 |
| Interest | $122.54 |
| Audit Costs | $4,205.71 |
| **Total:** | **$4,797.13** |

19. The Audit also revealed that A-TECH MECHANICAL failed to pay LOCAL 502 the aggregate amount of $1,139.47, itemized as follows:

| **UNION DUES CHECK-OFFS** | |
|---|---:|
| **Type:** | **Amount:** |
| Dues | $875.08 |
| Liquidated Damages | $9.72 |
| Interest | $254.67 |
| **Total:** | **$1,139.47** |

20. A-TECH MECHANICAL has a continuing obligation to pay contributions and union dues to the PENSION FUND and LOCAL 502 and, as a result, additional monies may be owed.

21. The Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from A-TECH MECHANICAL.

22. The Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant A-TECH MECHANICAL is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBAs, the Trust Agreement, Collection Policy/Audit Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiff PENSION FUND and against Defendant A-TECH MECHANICAL in the aggregate amount of $4,797.13, itemized as follows:

   i. $426.25 in contributions;

   ii. $42.63 in liquidated damages;

   iii. $122.54 in interest; and

   iv. $4,205.71 in audit costs.

B. Judgment be entered in favor of Plaintiff LOCAL 502 and against Defendant A-TECH MECHANICAL in the aggregate amount of $1,136.47, itemized as follows:

   i.  $875.08 in union dues;

   ii.  $9.72 in liquidated damages; and

   iii.  $254.67 in interest.

C. Judgment be entered in favor of Plaintiffs and against A-TECH MECHANICAL for any other contributions, union dues, liquidated damages, and/or interest found to be due and owing in addition to the amounts referenced in Paragraphs A and B;

D. Defendant A-TECH MECHANICAL be ordered to pay the reasonable attorneys' fees and costs, incurred by the Plaintiffs pursuant to the CBAs, Trust Agreement, and 29 U.S.C § 1132(g)(2)(D); and

E. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant A-TECH MECHANICAL's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT
### (UNDERPAID WAGES)

24. Plaintiffs re-allege the allegations contained in Paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25. A-TECH MECHANICAL is an employer engaged in an industry affecting commerce.

26. LOCAL 502 is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within the trade and territorial jurisdiction of LOCAL 502.

27. At all times material herein, A-TECH MECHANICAL has recognized LOCAL 502 as the exclusive bargaining agent of its plumber, pipefitter and mechanical equipment service employees.

28. The wage rates payable to A-TECH MECHANICAL's employees for work performed

within LOCAL 502's trade and territorial jurisdiction are established by LOCAL 502 and the MCAKY pursuant to the CBAs. (**Exhibit 1**; **Exhibit 2**).

29. Pursuant to the CBAs, LOCAL 502 and MCAKY agreed to hourly wage rates to be paid to bargaining-unit employees performing covered work within the trade and territorial jurisdiction of LOCAL 502 for the period of January 1, 2017 through December 31, 2018. (A copy of the Wage Rates for Plumbers and Pipefitters Local 502 for August 1, 2016 through July 31, 2017 is attached hereto as **Exhibit 5**; A copy of the Wage Rates for Plumbers and Pipefitters Local 502 for September 25, 2017 through July 31, 2018 is attached hereto as **Exhibit 6**; A copy of the Wage Rates for Plumbers and Pipefitters Local 502 for August 1, 2018 through July 31, 2019 is attached hereto as **Exhibit 7**).

30. In addition to the contribution deficiencies identified in Count I, the Audit revealed that A-TECH MECHANICAL underpaid wages to its bargaining-unit employees during the period of January 1, 2017 through December 31, 2018 in the aggregate amount of $14,780.33.

31. As a result of A-TECH MECHANICAL's failure to timely pay wages to its bargaining-unit employees during the period of January 1, 2017 through December 31, 2018, interest has accrued in the amount of $4,267.30.

32. LOCAL 502 is authorized to bring suit on behalf of its members to collect underpaid wages owed by A-TECH MECHANICAL.

33. Plaintiffs have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiff LOCAL 502 and against Defendant A-TECH MECHANICAL in the aggregate amount of $19,047.63, which is itemized as follows:

   i. $14,780.33 in underpaid wages; and

   ii. $4,267.30 in interest.

B. Defendant A-TECH MECHANICAL be ordered to pay the reasonable attorneys' fees and costs, incurred by the Plaintiffs pursuant to the CBAs and 29 U.S.C. § 185; and

C. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant A-TECH MECHANICAL's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

    Respectfully submitted,

    /s/ Dennis R. Johnson
    Dennis R. Johnson (KY Bar No. 96387)
    Johnson & Krol, LLC
    311 S. Wacker Drive, Suite 1050
    Chicago, Illinois 60606
    (312) 372-8587
    johnson@johnsonkrol.com

    *Attorney for Plaintiffs*